UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATONIA SMITH,

    Plaintiff,

v.

                                      Case No. 10-11956

                                      Honorable Patrick J. Duggan

FEDERAL EXPRESS CORPORATION,
KENNETH WILSON, THOMAS ADAMS,
MARK MCCORMICK, RICK STERN,
AND ERIC BORER,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on <u>September 14, 2010</u>.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

On April 29, 2010, Plaintiff LaTonia Smith ("Plaintiff") filed a Complaint against Defendants Federal Express Corporation ("FedEx"), Kenneth Wilson, Thomas Adams, Mark McCormick and Adam Borer (collectively "Defendants") in the Circuit Court for Oakland County, Michigan. Plaintiff alleges four counts in her Complaint: (I) sex discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act ("MELCRA"); (II) breach of implied contract and wrongful discharge; (III) race discrimination in violation of MELCRA; and (IV) intentional infliction of emotional distress. FedEx removed Plaintiff's Complaint to federal court on May 13, 2010, pursuant to 28 U.S.C.

§§ 1332(a) and 1441(b).¹ The individual defendants have not responded to Plaintiff's Complaint nor did they join in FedEx's removal. FedEx represents in its notice of removal that the individual defendants have not been served in this matter and asserts that Plaintiff fraudulently joined the individual defendants with the sole purpose of defeating this Court's diversity jurisdiction.

On June 13, 2010, Plaintiff filed a motion to remand the Complaint to State court arguing that FedEx improperly removed the case based on diversity jurisdiction. Plaintiff indicates that she is a Michigan citizen and that the individual defendants are also Michigan citizens and that therefore the jurisdictional requirement of complete diversity is not met. On June 24, 2010, FedEx filed a response to the motion alleging improper service and fraudulent joinder. On the same date, FedEx also filed a motion to dismiss Plaintiff's intentional infliction of emotional distress claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Both motions are fully briefed and the Court held a hearing with respect to both motions on August 26, 2010.

The Court will address Plaintiff's challenge to the removal first because, if Plaintiff prevails, the Court lacks subject matter jurisdiction to address FedEx's motion to dismiss.

**Diversity Jurisdiction**

The removal of a case from State court must follow the procedures and criteria established by Congress in the removal statutes. *Shamrock Oil & Gas Corp. v. Sheets*,

---

¹This case originally was assigned to the Honorable Julian Abele Cook, Jr. It was reassigned to the undersigned on July 14, 2010.

313 U.S. 100, 104, 61 S. Ct. 868, 870 (1941). The removal statutes are to be strictly construed. *Wilson v. U.S. Dept. of Agriculture*, 584 F.2d 137, 142 (6th Cir. 1978).

28 U.S.C. § 1441(a) authorizes removal for civil actions "brought in a State court of which the district courts of the United States have original jurisdiction." In a removal brought pursuant to diversity jurisdiction, 28 U.S.C. § 1332, there must be complete diversity, which means that the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69, 117 S. Ct. 467, 472-73 (1996). The matter in controversy must also "exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a). "The purpose of removal legislation is to give a non-resident defendant who has been unwillingly brought into a State court, the right to remove to the presumably unprejudiced forum of the Federal court." *Browne v. Hartford Fire Ins. Co.*, 168 F. Supp. 796, 797 (D.C. Ill. 1959). Therefore, even if there is complete diversity, § 1441 provides that the action cannot be removed if a "properly joined and served defendant is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The federal court's jurisdiction "must be present both at the time of the complaint and time of removal." *Van Horn v. Western Elec. Co.*, 424 F. Supp. 920, 922 (E.D. Mich. 1977).

Section 1332's amount in controversy requirement appears to be met in this case and Plaintiff does not assert otherwise in her motion to remand.[2] With respect to

---

[2] Plaintiff alleges damages in excess of $25,000 in Count II of her Complaint alleging breach of implied contract and wrongful discharge. (Compl. ¶ 54.) Plaintiff also alleges damages in excess of $25,000 in Count IV of the Complaint, alleging intentional
(continued...)

diversity, Plaintiff alleges in her Complaint that she is a citizen of Michigan and that each of the individual defendants is a citizen of Michigan.[3] (Compl. ¶¶ 1, 6, 8, 10, 12, 14.) Plaintiff also alleges that FedEx "[i]s located in Novi, Michigan" and that FedEx "is a Michigan corporation." (*Id.* ¶¶ 3-4.)

For purposes of diversity jurisdiction, a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). According to the affidavit of FedEx's employee, LaRonda Saulsberry, attached to FedEx's removal notice, FedEx's principal place of business is in Tennessee, and FedEx is a Delaware Corporation. (*See* Doc. 1 Ex. B ¶ 2.) A corporation can have only one principal place of business. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 161 (6th Cir. 1993) (overruled on other grounds by *Hertz Corp. v. Friend*, – U.S. –, 130 S. Ct. 1181, 1192 (2010)). The term "principal place of business" is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S. Ct. at 1192. Accordingly, having an office or warehouse in a State does not make that State the location of the corporation's principal place of business. Therefore, for purposes of diversity jurisdiction, Plaintiff is a

---

[2](...continued)
infliction of emotional distress. (*Id.* ¶ 72.) In Plaintiff's sex and race discrimination claims under MELCRA, Counts I and III, Plaintiff alleges loss of earnings and seeks exemplary damages. (*Id.* ¶¶ 45, 64.) FedEx asserts in its response to Plaintiff's motion, and attaches evidence to support its assertion, that if Plaintiff prevails on her MELCRA claims, her loss of earnings would exceed the amount in controversy requirement. (Def.'s Resp. at 9, Ex. A.)

[3]There does not appear to be any dispute over the citizenship of the Plaintiff or the citizenship of the individual defendants.

citizen of Michigan, FedEx is a citizen of Delaware and Tennessee, and each individual defendant is a citizen of Michigan.

Because Plaintiff is a Michigan citizen and the five individual defendants are Michigan citizens, complete diversity of citizenship appears to be lacking in this case and FedEx's removal was improper per the requirements of 28 U.S.C. §§ 1332(a) and 1441(a). Therefore, unless FedEx presents a valid reason for this Court to retain jurisdiction, the case must be remanded to State court. FedEx argues that its removal was proper because none of the individual defendants have been served in this matter and because Plaintiff fraudulently joined the individual defendants for the sole purpose of defeating diversity jurisdiction.

**The Purported Unserved Defendants**

A defendant removing a case bears the burden of proving that all jurisdictional requirements have been met. *Gafford*, 997 F.2d at 155. Plaintiff asserts in her motion to remand that all defendants were properly served; but, FedEx correctly notes in its notice of removal and in its reply to Plaintiff's motion that proof of service has not been filed with this Court and Plaintiff does not otherwise provide evidence to support her assertion. Nevertheless, for the reasons that follow, this Court finds it unnecessary to determine whether the individual defendants have in fact been served for purposes of resolving Plaintiff's motion.

FedEx argues that the fact the individual defendants are named in the Complaint does not defeat removal under 28 U.S.C. § 1441(b) because they have not been served. In support of its argument, FedEx cites the following statement from a decision of this

5

Court, in which the Court was quoting *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001): "'. . . [T]he inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).'" *Revere v. MERS*, No. 10-10580, 2010 WL 1541506, at *2 (E.D. Mich. Apr. 19, 2006). However the entire quotation from *McCall* reads: "*Where there is complete diversity of citizenship* . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall*, 239 F.3d at 813 n.2 (first emphasis added, second emphasis in original) (citing *Wensil v. E.I. DuPont De Nemours and Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) and *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991)). These cases address the issue of whether removal is proper, *despite complete diversity*, where an unserved defendant is a resident of the State where the federal court to which the action was removed sits.

In other words, in *Wensil* and *Republic Western Insurance*, including the unserved resident defendant(s) did not defeat diversity between the parties. Here, including the unserved defendant, destroys diversity and eliminates this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Section 1441(b) bars removal to a federal court sitting in the State where any "properly joined and served" defendant is a citizen. 28 U.S.C. § 1441(b). Neither § 1441 nor 1332 refer to the served or unserved status of a defendant with respect to the determination of whether complete diversity exists. As courts have explained: "'Section 1441(b) does not qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially

6

brought.'" *Darsie v. Cone*, No. 10-00154, 2010 WL 2923285 at *4 (E.D. Ky. July 22, 2010) (quoting *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160-61 (8th Cir. 1981)).

Indeed, the Supreme Court has long held that "[t]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant" *Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S. Ct. 347, 350 (1939); s*ee also Pecherski* , 636 F.2d at 1160 ("Despite the 'joined and served' provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal"). Therefore, Plaintiff's alleged failure to serve the individual resident defendants does not demonstrate that the removal was proper based on diversity jurisdiction.

**Fraudulent Joinder**

FedEx also argues that Plaintiff fraudulently joined the individual defendants solely for the purpose of defeating diversity jurisdiction. "The fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove." *Pullman*, 305 U.S. at 541, 59 S. Ct. at 350.

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. "However, if there is a colorable basis for

7

predicting that a plaintiff may recover against non-diverse defendants, [the c]ourt must remand the action to state court." *Id.* In making this determination, the court must resolve "any disputed questions of fact and ambiguities in the controlling state law . . . in favor of the non-removing party." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

The test articulated by the Sixth Circuit for assessing whether a defendant has been fraudulently joined does not specifically indicate whether the district court focuses on the allegations in the plaintiff's complaint or may consider whether facts *may* exist beyond the complaint that would enable the plaintiff to possibly state a claim against the non-diverse defendant. However the test, as articulated by several other Circuits, provides that it is the former.[4] The Second Circuit has explained:

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, *based on the pleadings*, that a plaintiff can state a cause of action against the non-diverse defendant in state court.

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998) (emphasis added). The Third and Eleventh Circuits have stated: "If there is even a possibility that a state court would find *that the complaint states* a cause of action against any one of the resident

---

[4]This is not to say that if the facts alleged in the complaint establish a possible cause of action that the defendant cannot present matters outside the pleadings to establish that those facts are false. *See, e.g., Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1092 (S.D. Ill. 2007) (accepting the defendants' proof to show that a defendant-corporation whose presence defeated diversity did not do business as the diverse defendant but rather was its parent).

8

defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)). The court must focus on the plaintiff's complaint at the time of removal. *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2009).

Relying on *Saroli v. Automation & Modular Components, Inc.*, 405 F.3d 446, 453 (6th Cir. 2005), which cites *Jager v. Nationwide Truck Brokers, Inc.*, 652 N.W.2d 503 (Mich. Ct. App. 2002), FedEx asserts that Plaintiff cannot state a cause of action against any of the individual defendants for discrimination under MELCRA. In *Saroli*, the Sixth Circuit held that no individual liability existed under MELCRA based on the Michigan Court of Appeals' interpretation of the statute in *Jager*– the highest state court to have issued a ruling on the matter at the time. *Id.* In reaching its conclusion, the *Saroli* court reasoned that when "determining a question of Michigan law, this court is bound by decisions of the state's intermediate appellate courts unless convinced that the Michigan Supreme Court would decide the question differently." *Id.* The Sixth Circuit decided *Saroli* on April 26, 2005. What FedEx has missed is that on June 1, 2005, the Michigan Supreme Court expressly overruled *Jager* and held that "an agent may be individually sued under [MELCRA]." *Elezovic v. Ford Motor Co.*, 472 Mich. 408, 411, 697 N.W.2d 851, 853 (2005). Thus, under current Michigan law, an agent can be found individually liable under MELCRA.

FedEx's *only* argument in response to Plaintiff's motion to remand to show that Plaintiff could not have established a cause of action against the individual defendants, is

9

that individual liability is not possible under MELCRA. The only evidence offered by FedEx in support of this proposition is its citation to *Saroli*, citing *Jager*, which has since been overruled by *Elezovic*. As stated earlier, FedEx has the burden of showing that Plaintiff could not have established a cause of action against the non-diverse defendants under State law. *Coyne*, 183 F.3d at 493. Therefore, this Court must conclude that FedEx fails to satisfy its burden. In short, FedEx fails to show fraudulent joinder with respect to at least one of the non-diverse defendants.[5]

## Conclusion

Because FedEx has not met its burden of showing that this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) and fails to meet the standard required to show fraudulent joinder, this Court does not have diversity jurisdiction and the case must be remanded to State court. This Court therefore will not address FedEx's motion to dismiss Plaintiff's intentional infliction of emotional distress claim.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for remand is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Clerk of the Court shall **REMAND** this matter to the Circuit Court for Oakland County, Michigan **but not before** the expiration

---

[5]It is not clear whether the Michigan courts would find individual liability under MELCRA for non-supervisors. Based on the language of the statute, the *Elezovic* Court stated that an "agent" could be held individually liable for a violation, 472 Mich. at 411, 697 N.W.2d at 853; but the individual defendant was a supervisor in *Elezovic*– as well as in every subsequent decision that this Court reviewed in which the Michigan courts applied *Elezovic* to find individual liability. The Court, however, does not need to address the issue at this time because at least one non-resident defendant, Wilson, is identified by Plaintiff in her Complaint as serving a supervisory role. (Compl. ¶ 5 (identifying Wilson as "employed by the Defendant Corporation as Managing Director of Operations at Great Lakes District office").)

10

of fourteen (14) days from the date of this Opinion and Order;

**IT IS FURTHER ORDERED**, that Defendant's motion to dismiss Plaintiff's intentional infliction of emotional distress claim is **DENIED WITHOUT PREJUDICE**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Charles A. Zajac, Esq.
Sarah F. Henry, Esq.